IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ESIP SERIES 1, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>GREENAIR, INC., an Ohio Corporation, ZOGOWORX, LLC, a Utah limited liability company d/b/a ONLINE HEALTHY OFFERS and ZOGOSPORTZ, and DOE COMPANIES 1-50,<br><br>Defendants. | Civil Action No. 2:14-CV-0207-PMW<br><br><br>**CONSENT JUDGMENT**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br><br>Magistrate Judge Paul M. Warner |

The court, having reviewed and considered the Stipulated Motion for Consent Judgment, and for good cause shown, HEREBY ORDERS, ADJUDGES, AND DECREES that the Stipulated Motion for Consent Judgment filed on March 16, 2015 be, and the same hereby is, GRANTED.

Accordingly, the Court enters the following Claim Construction and makes the following Findings of Fact and Conclusions of Law.

**I.   CLAIM CONSTRUCTION**

The following table provides the Court's claim construction for claim 14 of U.S. Patent No. 7,878,418:

| Claim Language | Claim Construction | Supporting Intrinsic Evidence |
|---|---|---|
| Claim 14:<br>An apparatus comprising: | An apparatus comprising at least the following: | Patent term of art. |

1

| | | |
|---|---|---|
| a housing; | a housing; | Presumption of ordinary and accustomed meaning of claim terms within the context of the specification. *See also*, `418 Patent, Fig. 2; col. 2, lines 1-12 and 58-61; col. 5, lines 17-20. |
| a pump disposed within the housing and comprising a diaphragm compressing air to a pressure greater than ambient pressure; | a pump disposed within the housing and comprising at least a diaphragm compressing air to a pressure greater than ambient pressure; | Presumption of ordinary and accustomed meaning of claim terms within the context of the specification. *See also*, `418 Patent, Fig. 1; col. 3, lines 19-22; col. 4, lines 12-15; col. 5, lines 19-22. |
| a motor comprising a coil and a first magnet | a motor comprising at least a coil and a first magnet | Presumption of ordinary and accustomed meaning of claim terms within the context of the specification. *See also*, `418 Patent, Fig. 6; col. 2, lines 58-60; col. 3, lines 22-24; col. 4, lines 16-18. |
| the motor, wherein the coil is operably connected to reciprocate an electric field to activate the first magnet; | the coil of the motor is operably connected to reciprocate an electric field to activate the first magnet; | Presumption of ordinary and accustomed meaning of claim terms within the context of the specification. *See also*, `418 Patent, Fig. 6; col. 3, lines 22-24; col. 4, lines 16-18. |
| the motor, wherein the first magnet drives a second magnet back and forth to oscillate the diaphragm; | the first magnet of the motor drives a second magnet back and forth to oscillate the diaphragm; | Presumption of ordinary and accustomed meaning of claim terms within the context of the specification. *See also*, `418 Patent, col. 4, lines 16-19; col. 8, lines 6-13. |
| a control system operably connected to the coil to control electricity flowing to the coil; | a control system is operably connected to the coil to control electricity flowing to the coil; | Presumption of ordinary and accustomed meaning of claim terms within the context of the specification. *See also*, `418 Patent, Fig. 4; col. 3, lines 25-29; col. 4, lines 21-26; col. 5, line 48 – col. 6, line 27. |

2

| | | |
|---|---|---|
| an atomizer, integrated with the pump, the atomizer being anchored by the pump and receiving directly therefrom a flow of pressurized air; | an atomizer integrated with, not in a separate unit from, the atomizer is at least somewhat anchored to a supporting surface by the pump's weight, bulk, stability, base, or the like, and the atomizer is receiving directly from the pump a flow of pressurized air; | Presumption of ordinary and accustomed meaning of claim terms within the context of the specification.  *See also*, `418 Patent, Figs. 1, 7-9; col. 2, lines 30-32; col. 3, lines 58-61; col. 5, lines 26-29; col. 6, lines 37-49.<br><br>"Precision modeling provides highly integrated subsystems providing superior performance and reliability." *See*, `418 Patent, Abstract.<br><br>"The invention relates to atomizers and, more particularly, to novel systems and methods for integrating air supplies, reservoirs and atomizers into an integrated systems."  *See*, `418 Patent, col. 1, lines 6-8.<br><br>"The atomizer may be connected directly to a pump anchoring the atomizer to a supporting surface by weight, stability, base, or the like." *See*, `418 Patent, col. 2, lines 24-26.<br><br>"Anchoring the atomizer by the bulk, weight or both of the pump and housing assembly reduces the chance of breakage or spilling of an atomizer system sitting on a supporting surface."  *See*, `418 Patent, col. 3, lines 37-40.<br><br>"Thus, the housing 12 and its contents provide a stable platform to support the atomizer 16 on a surface." *See*, `418 Patent, col. 6, lines 47-49. |

| | | |
|---|---|---|
| the atomizer further comprising a first fitting directly receiving and securing a bottle containing an aromatic scent thereto, a second fitting containing an eductor, and a third fitting containing a distributor releasing the pressurized air into the ambient; | the atomizer further comprising at least a first fitting directly receiving and securing a bottle containing an aromatic scent thereto, a second fitting containing an eductor, and a third fitting containing a distributor releasing the pressurized air into the ambient; | Presumption of ordinary and accustomed meaning of claim terms within the context of the specification. *See also*, `418 Patent, Figs. 1, 7, 8; col. 3, line 65 – col. 4, line 2; col. 6, lines 28-30; col. 8, line 28-44; col. 9, lines 14-30; col. 10, lines 28-47. |
| a separating chamber and a separator plate controlling outflow from the separator chamber, separating comparatively larger droplets from comparatively smaller droplets prior to exit of the comparatively smaller droplets from the atomizer; and | a separating chamber and a separator plate, the separator plate including one or more apertures located centrally, peripherally or otherwise, and controlling outflow from the separator chamber, separating comparatively larger droplets from comparatively smaller droplets prior to exit of the comparatively smaller droplets from the atomizer; and | Presumption of ordinary and accustomed meaning of claim terms within the context of the specification. *See also*, `418 Patent, Figs. 7-9; col. 3, lines 10-14; col. 8, line 55 – col. 9, line 13; col. 10, lines 28-56.<br><br>"A separator is formed by the main walls of the atomizer 16 and a separator plate 98. The separator plate 98 may include one or more apertures 99 located centrally, peripherally or otherwise." *See*, `418 Patent, col. 8, lines 55-58.<br><br>"The separator plate may have one or more apertures 122 located about the periphery thereof, distributed throughout, or axially centered." *See*, `418 Patent, col. 10, lines 57-59. |
| an eductor comprising a nozzle having a minimum effective diameter discharging the flow therethrough and into an aperture spaced therefrom a distance of from about one to about 10 times the minimum effective diameter. | an eductor comprising at least a nozzle having a minimum effective diameter discharging the flow therethrough and into an aperture spaced therefrom a distance of from about one to about 10 times the minimum effective diameter. | Presumption of ordinary and accustomed meaning of claim terms within the context of the specification. *See also*, `418 Patent, Figs. 7-9; col. 3, lines 14-18; col. 8, lines 28-54; col. 10, lines 28-47. |

4

**II.     FINDINGS OF FACT**

The Court makes the following findings of fact in this case.

The NebAir diffuser (LemoWorld Model Number LM-S1) (hereinafter "Accused Product") is a nebulizing diffuser product capable of providing a method of aroma therapy.

The Accused Product is an apparatus that includes a housing.  The Accused Product has a pump disposed within the housing and that pump comprises at least a diaphragm compressing air to a pressure greater than ambient pressure.

The Accused Product includes a motor comprising at least a coil and a first magnet.  The coil of the motor is operably connected to reciprocate an electric field to activate the first magnet.  The first magnet of the motor drives a second magnet back and forth to oscillate the diaphragm.

The Accused Product includes a control system that is operably connected to the coil to control electricity flowing to the coil.

The Accused Product includes an atomizer integrated with the pump.  The atomizer is at least somewhat anchored to a supporting surface by the pump's weight, bulk, and stability.  The atomizer is receiving a flow of pressurized air directly from the pump.

The atomizer of the Accused Product further includes a first fitting directly receiving and securing a bottle containing an aromatic scent thereto, a second fitting containing an eductor, and a third fitting containing a distributor releasing the pressurized air into the ambient.

The atomizer of the Accused Product further includes a separating chamber and a separator plate.  The separator plate includes an aperture located peripherally and the separator plate is included within the micro-cyclone component part.  The separator plate controls the outflow from the separator chamber and separates comparatively larger droplets from

comparatively smaller droplets prior to exit of the comparatively smaller droplets from the atomizer.

The eductor of the Accused Product includes a nozzle having a minimum effective diameter discharging the flow therethrough and into an aperture spaced therefrom between one (1) and ten (10) times the minimum effective diameter.

### III. CONCLUSIONS OF LAW

The Court makes the following conclusions of law in this case in accordance with the Court's claim construction for claim 14 of U.S. Patent No. 7,878,418, and the Court's findings of fact.

The claims of U.S. Patent No. 7,878,418 are valid in accordance with the presumption of validity in 35 U.S.C. §282(a).

The Accused Product infringes claim 14 of U.S. Patent No. 7,878,418.

DATED this 17th day of March, 2015.

                                      BY THE COURT

                                      Paul M. Warner
                                      United States Magistrate Judge